IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE L. CHAO, Secretary of
Labor

                    Plaintiff,

     v.                                          1:07-cv-0595-WSD

MARC MEIXNER, GPTA
BENEFITS GROUP, LESLIE E.
SMITH, EMPLOYERS
ONESOURCE, INC., DAVID
SHERMAN, and GEORGIA
PLUMBERS TRADE
ASSOCIATION HEALTH PLAN,

                    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Elaine L. Chao's Motion to

Strike Answer [17],[1]  Defendant David Sherman's ("Sherman") Motion to Dismiss

[18], Defendants Employers Onesource, Inc. ("EOS") and Leslie E. Smith's

("Smith") (collectively, "EOS Defendants") Motion to Amend Answer [30], and

Plaintiff's Motion for Relief from Judgment, [32].  Also before the Court is

---

[1] Plaintiff is admonished to format future filings with this Court in accordance with the Court's Local Rules.  See, L.R. 5.1.

Plaintiff's Motion to Supplement Motion to Strike Answer [50] and the EOS

Defendants Motion for Leave to Reply [52].[2]

## I.    BACKGROUND

On March 14, 2007, Plaintiff Elaine L. Chao, Secretary of the Department of

Labor, (the "DOL") filed a complaint asserting claims under ERISA §§ 502(a)(2),

502(a)(5), and 409 against the administrators and fiduciaries of the Georgia

Plumber's Trade Association ("GPTA") Health Benefits Plan (the "Plan").  In the

complaint, the DOL seeks "to enjoin acts and practices which violated . . . ERISA,

to obtain appropriate relief for breaches of fiduciary duty under ERISA . . . and to

obtain other such further relief as may be appropriate to redress violations and

enforce the provisions of that Title."  The DOL specifically claims that the EOS

Defendants, along with other defendants, breached fiduciary duties to the Plan by

allowing or receiving improper payments, which "caused the Plan to suffer

financial losses for which they are personally and otherwise

liable. . ." (Compl. ¶¶ 47, 54.)  The Complaint demands that the EOS Defendants

"disgorge the profit made through their fiduciary breach."  (Id.)  The complaint

---

[2]  Having considered the submissions, Chao' Motion to Supplement Motion
to Strike Answer [50] and the EOS Defendants Motion for Leave to Reply to
Chao's Motion to Supplement [52] are GRANTED.

also alleges that the EOS Defendants "knowingly aided and abetted in, participated in, or otherwise assisted in . . . fiduciary breaches," and demands that they "disgorge the funds they received from the Plan."  (Id. at ¶¶ 63-64.)  In addition to disgorgement, the complaint seeks to hold the EOS defendants "personally . . . liable." (Id. at ¶¶ 47, 54, 58).  The complaint specifically alleges that the EOS Defendants caused or allowed the Plan to lose $151,248.82 in improper payments to Smith or others.  The complaint does not identify who has custody of these funds, and does not seek to impose a constructive trust or equitable lien on them. The complaint demands only that the EOS and other Defendants "restore all losses, with interest, caused by their fiduciary misconduct as alleged in this Complaint. . . . ."  The complaint also seeks an injunction and other equitable relief.

On May 21, 2007, the EOS Defendants filed an answer, demanding a jury trial.  The principal motion before the Court is the DOL's request to strike the EOS Defendant's jury trial demand.

## II.   DISCUSSION

### A.   Motion to Strike

The DOL argues that the causes of action pled in its complaint arise in equity, and, thus the EOS Defendants are not entitled to a jury trial.  The Seventh

Amendment provides:  "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved, and no fact tried by a jury shall otherwise be reexamined in any Court of the United States, than according to the rules of common law."  U.S. Const., Amd. 7.  Courts consider a suit to arise "at common law" when "legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized and equitable remedies [are] administered."  Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989).  "When legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both."  Lincoln v. Board of Regents of Univ. System of Ga., 697 F.2d 928, 934 (11th Cir. 1983).  Thus, if any of the DOL's causes of action arise at law, the EOS Defendants are entitled to a jury trial at least on the issues relevant to that cause. Id.

1.     *The Availability of a Jury Trial Under ERISA*

The Supreme Court has stated, "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly."  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 209 (2002) (quotation

-4-

and citation omitted).  Where a provision of ERISA allows only equitable relief,

legal relief is not available.  Id. at 210.  If the ERISA provisions asserted by the

DOL permit only equitable relief, the EOS Defendants' request for jury trial is

foreclosed.

        The DOL asserts claims under ERISA §§ 502(a)(2) and 502(a)(5).  Section

502(a)(5) permits suit by the Secretary of the Department of Labor:

> (A) to enjoin any act or practice which violates any
> provision of this subchapter, or (B) to obtain other
> appropriate equitable relief (i) to redress such violation or
> (ii) to enforce any provision of this subchapter . . . .

29 U.S.C. § 1132(a)(5).

This language permits a plaintiff to seek only equitable remedies.  See, Great-West

Life & Annuity Inso Co. v. Knudson, 534 U.S. 204, 220-21 (2002) (finding that

identical language in § 502(a)(3), "by its terms, allows only equitable relief," and

that a suit seeking legal relief under that provision was not authorized by the

statute).  The EOS Defendants are thus not entitled to a jury trial on the DOL's

claim under § 502(a)(5).

        Section 502(a)(2) authorizes the Secretary of the Department of Labor to

bring a suit on behalf of the Plan "for appropriate relief under section 1109 of this

title." 29 U.S.C. § 1132(a)(2).  Section 1109 sets forth the parameters for liability

for breach of fiduciary duty, stating that any fiduciary found in breach of their

fiduciary duty "shall be personally liable to *make good to such plan any losses* . . .

and shall be subject to such other equitable *or remedial* relief as the court may

deem appropriate . . . ." Id. § 1109(a) (emphasis added).  This provision, unlike

§ 502(a)(5), does not expressly limit the available remedies to equitable remedies,

and expressly authorizes remedies *compensatory* in nature, which traditionally

arise at law.[3]  Section 502(a)(2), on its face, thus permits legal remedies in addition

to equitable remedies.  The Supreme Court has noted that distinctions in ERISA

between "equitable" and "remedial" remedies must be given effect.  Mertens v.

Hewitt Assoc., 508 U.S. 248, 258 n.8 (1993).  The DOL's cause of action under

§ 502(a)(2) thus may arise at law.  The EOS Defendants' jury demand therefore is

not foreclosed.

---

[3]  Although actions against a fiduciary on behalf of a trust are traditionally
equitable in nature, ERISA's language clearly authorizes legal remedies in
connection with § 502(a)(2).  "When the statute's language is plain, the sole
function of the courts–at least where the disposition required by the text is not
absurd–is to enforce it according to its terms.  United States v. Mount Sinai
Medical Center of Florida, Inc., 486 F.3d 1248, 1252 (11th Cir. 2007).  This Court
noted in Nolte v. BellSouth Telecommunications, Inc., 2007 WL 317110
(N.D. Ga., October 24, 2007), that ERISA § 502(a)(2) only permits recovery on
behalf of the Plan.  This observation does not alter the Court's conclusion that the
section permits legal remedies.

2.      *Whether the DOL's Claim Arises in Law or Equity*

The mere fact that ERISA § 502(a)(2) permits legal remedies to be asserted on behalf of the Plan does not compel the conclusion that the DOL's cause of action here arises at law.  The Court must examine the specific relief sought to determine whether the suit arises at law or in equity, and thus whether the EOS Defendants are entitled to demand a jury.

To determine whether relief is legal or equitable, the Court engages in a two step process: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.  Second, we examine the remedy sought and determine whether it is legal or equitable in nature."  Granfinaciera, 492 U.S. at 42 (quotation and citation omitted).  "The second stage of this analysis is more important than the first."  Id.

a.      *Historical Characterization of the DOL's Claims*

The DOL asserts a cause of action for breach of fiduciary duty on behalf of the Plan.  In 18th-century actions in England, claims for breach of fiduciary duty were commonly characterized as arising in equity.  Restatement (Second) of Trusts §§ 197, 199 (1959).  As a general rule, "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts."  Pereira v. Farace, 413

F.3d 330, 338 (2d Cir. 2005).  This prong of the analysis suggests that the DOL's

cause of action arises in equity.

>   b.   *Nature of the Remedy*

The DOL seeks relief for losses–that is, a traditional form of money

damages–to compensate the Plan for the EOS Defendants' alleged breaches of

fiduciary duty.  Money damages are "the classic form of legal relief."  Mertens,

508 U.S. at 255.  "Almost invariably . . . suits seeking (whether by judgment,

injunction, or declaration) to compel the defendant to pay a sum of money . . . are

suits for 'money damages' as that phrase has traditionally been applied, since they

seek no more than *compensation for loss resulting from the defendant's breach of*

*legal duty*."  Bowen v. Massachusetts, 487 U.S. 879, 918-19 (1988) (emphasis

added).

The DOL, relying heavily on the common law of trusts, characterizes its

cause as a fundamentally equitable claim on behalf of a trust for breaches of

fiduciary duty.  The Eleventh Circuit directs the Court to "reject the unselective

incorporation of trust law rules into ERISA.  Rather, a court should only

incorporate a given trust law principle if the statute's text negates an inference that

the principle was omitted deliberately from the statute."  Moore v. American Fed's

-8-

of Television & Radio Artists, 216 F.3d 1236, 1244 n.17 (11th Cir. 2000). The statutory language in § 502(a)(2) expressly permits legal and equitable remedies to be sought from fiduciaries on behalf of qualified plans. Although the common law of trusts suggests that suits for breach of fiduciary actions on behalf of a trust are fundamentally equitable, the express language of § 502(a)(2) permits legal and equitable remedies. See also, McLeod v. Oregon Lithoprin, Inc., 102 F.3d 376, 378 (9th Cir. 1996) (holding 'the status of the defendant, whether fiduciary or non-fiduciary, does not affect the question of whether damages constitute appropriate equitable relief. . . ."). The Court therefore cannot construe the DOL's claim as arising in equity based on the common law of trusts alone. The Court must look to the specific nature of the remedy sought to determine if it is equitable or legal.

The DOL characterizes its claims as equitable demands for restitution or surcharge. Restitution, however, is not an exclusively legal remedy, and historically could be awarded both at law and in equity. Great-West, 534 U.S. at 212. "[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case." Reich v. Continental Cas. Co., 33 F.3d 754, 756 (7th Cir. 1994) (Posner, J.). Whether restitution is legal or equitable "depends on the basis for the plaintiff's claim, and the nature of the

underlying remedies sought." <u>Great-West</u>, 534 U.S. at 213 (quotation and citation

omitted).

> [A] plaintiff could seek restitution *in equity*, ordinarily in
> the form of a constructive trust or an equitable lien,
> where money or property identified as belonging in good
> conscience to the plaintiff could clearly be traced to
> particular funds or property in the defendant's possession.
> A court of equity could then order a defendant to transfer
> title (in the case of the constructive trust) or to give a
> security interest (in the case of the equitable lien) to a
> plaintiff who was, in the eyes of equity, the true owner.
> But where the property sought to be recovered or its
> proceeds have been dissipated so that no product
> remains, the plaintiff's claim is only that of a general
> creditor, and the plaintiff cannot enforce a constructive
> trust of or an equitable lien upon other property of the
> defendant.   Thus, for restitution to lie in equity, the
> action *generally must seek not to impose personal
> liability on the defendant*, but to restore to the plaintiff
> particular funds or property in the defendant's possession.

<u>Id.</u> at 213-214 (citations and quotations omitted) (second emphasis added).

The Supreme Court has emphasized that the principal question is whether the

money sought is an identifiable *res* subject to constructive trust or equitable lien.

<u>Sereboff v. Mid Atlanta Medical Servs., Inc.</u>, 126 S.Ct 1869, 1870-72 (2006). <u>See</u>

<u>also</u>, <u>Bona v. Barasch</u>, 2003 WL 1395932, *12 (S.D.N.Y., Mar. 20, 2003)

("restitution is appropriate as an equitable remedy only where the specific property

being sought is identifiable and in the hands of the defendant.").  Courts

interpreting <u>Great-West</u> have recognized that  "a defendant must possess the funds at issue for the remedy of equitable restitution to lie against him." <u>Periera</u>, 413 F.3d at 340.  <u>See also</u>, <u>Amschwand v. Spherion Corp.</u>, --F.3d--, 2007 WL 3027072, *3 (5th Cir., October 18, 2007) ("Obtaining the lost policy proceeds [from a fiduciary], as Amschwand requests, is simply a form of make-whole damages. This demand is not equitable in derivation, but is akin to the legal remedies of extracontractual or compensatory damages").

The complaint alleges the EOS Defendants "caused the Plan to suffer financial losses for which they are personally and otherwise liable" and demands that they "restore all losses . . . ."  That is, the DOL seeks to hold Defendant individually liable for any losses which Plaintiff can prove are connected to Defendants alleged wrongful conduct.  The DOL does not identify any specific *res* in the EOS Defendants' possession traceable to their alleged wrongdoing that could be the subject of a subject of a constructive trust or equitable lien, nor does it identify any specific profit that could be the subject of an accounting.  The DOL also does not ask that the EOS Defendants merely disgorge an amount by which they were improperly enriched.  It instead demands that the EOS Defendants, as a matter of personal liability, compensate the Plan for any losses incurred as a result

of their conduct.  This form of make-whole relief is traditionally legal in nature.

To the extent that the DOL seeks restitution, it seeks *legal* restitution, and its claim

under § 502(a)(2) seeks a legal, not equitable, remedy.

The DOL next characterizes its action as seeking the equitable remedy of

"surcharge."  "It may once have been technically correct to say that damages were

exclusively a common law remedy, but only because damages in equity were

called surcharge.  The terms are now synonyms for monetary relief." John H.

Langbein, What Erisa Means by "Equitable": The Supreme Court's Trail of Error

in Russell, Mertens, and Great-West, 103 Colum. L. Rev. 1317, 1353 (2003).

Surcharge is "[t]he imposition of personal liability on a fiduciary for willful or

negligent misconduct in the administration of his fiduciary duties."  Black's Law

Dictionary 1441 (8th ed. 2001).  The DOL argues that ERISA incorporates the

concept of surcharge and that surcharge is authorized by § 502(a)(2).

This Court is bound to read Supreme Court precedent "as broadly as it is

written."  Pereira, 413 F.3d at 338.  In the context of ERISA § 502(a)(3), which

only permits "appropriate equitable" remedies, the Supreme Court plainly

distinguished between equitable and legal remedies based solely on the type of

relief, particularly whether, in the case of money damages, funds were traceable

-12-

according to the rules of equity.  <u>Great West</u>, 534 U.S. at 234.  The only forms of

compensatory damage recognized by the Supreme Court as "equitable" for the

purposes of § 502(a)(3) were equitable restitution and accounting for profits,

neither of which are claimed by the DOL here.  <u>Great-West</u>, in other words, defines

"equitable relief" in ERISA as "categories of relief *typically* available in equity

(such as injunction, mandamus, and restitution, *but not compensatory damages*)."

<u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 222-23 (2004) (Ginsberg, J.,

concurring) (emphasis added).[4]  The DOL does not present any authority for the

proposition that compensatory damages titled as "surcharge" were *typically*

available in equity.[5]  The Court concludes that the DOL seeks a legal remedy, and

---

[4]  In her concurrence in <u>Aetna</u>, Justice Ginsberg noted the possibility that, given the historically equitable nature of actions against trust fiduciaries, make-whole relief might be available as equitable relief in an action against a fiduciary. 542 U.S. at 222-23.  The Supreme Court has not ruled on this issue.  The Court finds no basis in this case to follow-up on Justice Ginsberg's suggestion in <u>Aetna</u>.

Further, the "surcharge" analysis suggested by the DOL is inconsistent with the simple, bright-line rule laid down by the Supreme Court in <u>Great-West</u> and <u>Sereboff</u>.  The DOL's reasoning, while possibly historically correct, is  impractical. Incorporating the concept of "surcharge" into the present analysis would nullify the "nature of the relief sought" prong of the test for distinguishing legal from equitable actions.

[5]  The Eleventh Circuit has stated that the holding <u>Great-West</u> is limited to § 502(a)(3).  <u>Green v. Holland</u>, 480 F.3d 1216, 1224 n.5 (11th Cir. 2007).  While the holding is limited, the Supreme Court's reasoning, particularly its method of distinguishing equitable from legal remedies under ERISA, applies in this case.

its cause of action under § 502(a)(2) arises at law at least in part.  Accordingly, the

EOS Defendants are entitled to a jury trial.

      B.    <u>Sherman's Motion to Dismiss</u>

Defendant David Sherman ("Sherman") moves for the DOL's claims against

him to be dismissed.  Sherman's motion to dismiss states, in its entirety:

> This cause should be dismissed against the Defendant,
> David Sherman, as there is no legal claim against David
> Sherman individually.  David Sherman was the
> individual who started the Corporation and then resigned
> shortly after its inception.  David Sherman had no part in
> any of the actions alleged in the Complaint.

(Sherman's Mot. To Dismiss at 1.)

Dismissal is appropriate only when, on the basis of a dispositive issue of

law, no construction of the factual allegations will support the cause of action.

<u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174

---

Section 502(a)(3) permits injunction or "other appropriate equitable relief," which
the Supreme Court interpreted to mean relief typically available at equity.  Section
502(a)(2) permits "appropriate relief under § 1109," which allows compensatory
damages, disgorgement, and other "equitable or remedial relief as the court may
deem appropriate."  Although the language of §§ 502(a)(2) and 409 is not identical
to § 502(a)(3), it is similar, taking care to specify the type of relief with
particularity.  <u>See</u>, <u>Great-West</u>, 534 U.S. at 209-210 "equitable relief must mean
something less than all relief." (quoting <u>Mertens v. Hewitt Assoc.</u>, 508 U.S. 248,
258 n.8 (1993).  The Court finds there is no basis to hold, as the DOL implicitly
requests, that <u>Great-West</u>'s reasoning regarding how to distinguish equitable from
legal actions in ERISA should be abandoned here.

(11th Cir. 1993).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 289 F.3d 1268, 1270 (11th Cir. 2002), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004).  The Court must accept as true the facts pleaded in the complaint.  <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Cop., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1984).

The DOL argues its complaint against Sherman is sufficient because it alleges causes of action under ERISA for breaches of fiduciary duty, and Sherman was a fiduciary who breached his duties to the Plan.  ERISA imposes strict standards of loyalty and care on plan fiduciaries.  <u>Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.</u>, 427 U.S. 559, 570 (1985).  Fiduciary duties under ERISA are "the highest known to law."  <u>Donovan v. Bierwirth</u>, 680 F.2d 263, 272 n.8 (2d Cir. 1982).  ERISA § 409 specifically provides, "Any person who is a fiduciary with respect to a plan who breaches any

of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach . . . ."  29 U.S.C. § 1109.

Sherman contests the sufficiency of the complaint only to the extent that it fails to assert a valid basis to sue him individually or to allege his participation in wrongdoing.  The complaint here alleges that "Sherman is a 'fiduciary' to the Plan within the meaning of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A). . . ." (Compl. ¶ 9.)  The complaint also alleges that Sherman breached his fiduciary duty to the Plan, stating, for example, "During the period between December 1, 2001 and April 1, 2004, Meixner and Sherman transferred approximately $128,485 by check from the SunTrust bank accounts to Meixner.  All of the transfers were for non-plan expenses."  (Id. ¶ 38.)  The complaint alleges other improper transfers were executed by Sherman.  (Id. ¶ 41) and that improper funds were transferred to Sherman.  (Id. ¶ 40.)  The complaint alleges that these transactions violated Sherman's fiduciary duties under ERISA.  (Id. ¶¶ 46, 52, 56, 63.)  Taking the facts asserted by the complaint as true, the DOL has asserted sufficient claims against Sherman to survive Sherman's motion to dismiss.

C.    <u>Motion to Amend Answer</u>

The EOS Defendants move to amend their answer to assert affirmative defenses that the DOL's claims are barred by an applicable statute of limitations or laches.  The DOL has not responded to the motion.  Pursuant to Local Rule 7.1B, "[f]ailure to file a response shall indicate that there is no opposition to the motion."

Under Federal Rule of Civil Procedure 15, leave to amend should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."  <u>Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co.</u>, 470 F.3d 1036, 1041 (11th Cir. 2006) (quotation omitted).  Defendants' motion for leave to amend is allowed.

D.    <u>DOL's Motion for Relief from Judgment</u>

On July 6, 2007, the DOL filed a Motion for Clerk's Entry of Default as to defendant Georgia Plumber's Trade Association Benefits Group, Inc. ("GPTA Benefits").  On July 12, 2007, the Clerk of Court entered default against the Georgia Plumbers Trade Association Health Plan" ("GPTA Health Plan").  The DOL moves to correct the docket to reflect that default has been entered only against GPTA Benefits.

-17-

Federal Rule of Civil Procedure 60(a) provides, "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders." Having reviewed the record, the Court finds that the clerk's entry of default as to GPTA Health Plan is a clerical error and orders it corrected.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the DOL's Motion to Strike [17] is **DENIED**. The DOL's Motion to File Supplemental Authority [50] and the EOS Defendants' Motion for Leave to File Reply [52] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Sherman's Motion to Dismiss [18] is **DENIED**.

**IT IS FURTHER ORDERED** that the EOS Defendants' Motion to Amend Answer [30] is **GRANTED**.

**IT IS FURTHER ORDERED** that the DOL's Motion for Relief from Judgment [32] is **GRANTED**. The Clerk is **DIRECTED** to correct the docket to

reflect that default has only been entered against the Georgia Plumber's Trade Association Benefits Group, Inc.

**SO ORDERED** this 27th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE