## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ELAINE L. CHAO,** | |
| **Plaintiff,** | |
| **v.** | **1:07-cv-0595-WSD** |
| **MARC MEIXNER, et al.,** | **(Consolidated)** |
| **Defendants.** | |
| **ELAINE L. CHAO,** | |
| **Plaintiff,** | |
| **v.** | **3:08-cv-0013-JTC** |
| **GEORGIA PLUMBERS TRADE ASSOCIATION FOR CONTINUING EDUCATION, INC., et al.,** | **(Closed After Consolidation)** |
| **Defendants.** | |

## OPINION AND ORDER

The matter is before the Court on the plaintiff Elaine L. Chao's ("Plaintiff")

Motion to Certify Jury Trial Issue for Interlocutory Appeal [58], Plaintiff's Motion

for Default Judgment [55], defendants Leslie E. Smith's and Employers

OneSource, Inc.'s (the "EOS Defendants") Motion to Modify Consent Judgment

[64], and the Plaintiff's Motion to Strike Jury Trial Demand [92].

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2007, Plaintiff Elaine L. Chao, Secretary of the Department of Labor, ("Secretary" of the "DOL") filed a complaint asserting claims under ERISA §§ 502(a)(2), 502(a)(5), and 409 against the administrators and fiduciaries of the Georgia Plumber's Trade Association ("GPTA") Health Benefits Plan (the "Plan"). In the complaint, the DOL seeks "to enjoin acts and practices which violated . . . ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA . . . and to obtain other such further relief as may be appropriate to redress violations and enforce the provisions of that Title."  The DOL specifically claims that the EOS Defendants, along with other defendants, breached fiduciary duties to the Plan by allowing or receiving improper payments, which "caused the Plan to suffer financial losses for which they are personally and otherwise liable. . ."  Compl. [1] ¶¶ 47, 54.

The Complaint demands that the EOS Defendants "disgorge the profit made through their fiduciary breach."  Id.  The complaint also alleges that the EOS Defendants "knowingly aided and abetted in, participated in, or otherwise assisted in . . . fiduciary breaches," and demands that they "disgorge the funds they received from the Plan."  Id. at ¶¶ 63-64.  In addition to disgorgement, the

complaint seeks to hold the EOS defendants "personally . . . liable." Id. at ¶¶ 47,

54, 58.  The Complaint specifically alleges that the EOS Defendants caused or

allowed the Plan to lose $151,248.82 in improper payments to Smith or others.

The Complaint does not identify who has custody of these funds, and does not seek

to impose a constructive trust or equitable lien on them.  The Complaint demands

only that the EOS and other Defendants "restore all losses, with interest, caused by

their fiduciary misconduct as alleged in this Complaint. . . . ."  The Complaint also

seeks an injunction and other equitable relief.

On May 21, 2007, the EOS Defendants filed an answer, demanding a jury

trial [12].

On June 4, 2007, Plaintiff moved to strike the EOS Defendants' jury trial

demand [17].

On July 6, 2007, Plaintiff moved for entry of default against defendant

GPTA Benefits Group, Inc., who has not appeared [26].  The Clerk's Office

entered default against GPTA Benefits Group, Inc. on July 12, 2007.  On

December 13, 2007, Plaintiff moved for default judgment against GPTA Benefits

Group, Inc. [55].

On November 27, 2007, the Court denied Plaintiff's motion to strike the jury trial demand [54]. The Court found that Section 502(a)(2) of ERISA authorizes the Secretary to bring a suit on behalf of the Plan "for appropriate relief under section 1109 of this title." 29 U.S.C. § 1132(a)(2). The Court concluded that Plaintiff was seeking a legal remedy and that its cause of action under Section 502(a)(2) arises at law at least in part.

On January 3, 2008, Plaintiff moved to certify the jury trial issue to the Eleventh Circuit pursuant to 28 U.S.C. § 1292(b) [58].

On January 15, 2008, the Court entered a consent judgment against defendant Meixner [62]. On January 17, 2008, the EOS Defendants moved to modify the consent judgment in part [64].

On May 25, 2008, the EOS Defendants moved for summary judgment on the claims remaining against them [83]. On May 26, 2008, the EOS Defendants moved to stay discovery in this action pending resolution of their summary judgment motion [84].

On June 20, 2008, the Court consolidated civil action number 1:07-cv-0595-WSD with civil action number 3:08-cv-0013-JTC, then pending before Judge Camp [88].

On June 27, 2008, Plaintiff moved to strike the jury trial demand of defendants Georgia Plumbers Trade Association for Continuing Education, Inc., Ron Anderson, Windell Peters, and the Georgia Plumbers Trade Association Health Plan, the defendants in the action previously pending before Judge Camp [92].

## II.   DISCUSSION

### A.      Motion to Certify for Interlocutory Appeal

A district court's rulings generally are not reviewable by the court of appeals until after entry of final judgment in the action.  28 U.S.C. § 1291; Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978).  A district court is empowered, however, to certify its orders for immediate interlocutory appeal.  28 U.S.C. § 1292(b).  The statute provides:

> When a district judge, in making in a civil action an order
> not otherwise appealable under this section, shall be of
> the opinion that such order involves a controlling
> question of law as to which there is substantial ground
> for difference of opinion and that an immediate appeal
> from the order may materially advance the ultimate
> termination of the litigation, he shall so state in writing in
> such order.  The Court of Appeals which would have
> jurisdiction of an appeal of such action may thereupon, in
> its discretion, permit an appeal to be taken from such
> order, if application is made to it within ten days after the

entry of the order:  Provided, however, that application
for an appeal hereunder shall not stay proceedings in the
district court unless the district judge or the Court of
Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).  By its terms, the statute requires that the legal issue involve a

controlling question of law, as to which there is substantial ground for difference

of opinion, and of which an immediate appeal would materially advance the

ultimate termination of the action.  McFarlin v. Conseco Servs., LLC, 381 F.3d

1251, 1257 (11th Cir. 2004).

The Eleventh Circuit has held that it should deny certification for appeal if

resolution of an issue is too fact-intensive, but grant certification if the appeal

would present a pure question of law.  Id. at 1258.  There must also be a

"substantial dispute about the correctness" of district court's original ruling on the

issue.  Id. at 1259.  "The legal question [also] must be stated at a high enough level

of abstraction to lift the question out of the details of the evidence or facts of a

particular case and give it general relevance to other cases in the same area of law.

And the answer to that question must substantially reduce the amount of litigation

left in the case."  Id.  The party seeking appeal must also persuade the appellate

court that exceptional circumstances exist sufficient to justify departing from the

normal procedure of only appealing a district judge's rulings once the action proceeds to final judgment.  Coopers, 437 U.S. at 475.

Plaintiff brought claims in this action pursuant to Section 502(a)(2) and 502(a)(5) of ERISA for alleged breaches of duties by the GPTA Plan's fiduciaries. Plaintiff's Section 502(a)(2) claims seek substantial restitution of funds allegedly improperly held or transferred by the Defendants.  Plaintiff also seeks equitable remedies under Section 502(a)(5) which would tend to put into place ongoing restrictions against the Defendants' future conduct.  The parties appear to accept that Section 502(a)(5) provides only equitable remedies and thus the EOS Defendants are not entitled to a jury trial on those claims.  Section 502(a)(2), however, provides for civil actions brought by the Secretary of the DOL "for appropriate relief under section 1109 of this title."  29 U.S.C. § 1132(a)(2).  29 U.S.C. § 1109 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable *to make good to such plan any losses to the plan resulting from each such breach*, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate,

> including removal of such fiduciary.  A fiduciary may
> also be removed for a violation of section 1111 of this
> title.

29 U.S.C. § 1109(a) (emphasis added).

The Court's prior ruling held that the Plaintiff's claim brought pursuant to Section 502(a)(2) of ERISA is a "suit at common law" within the meaning of the Seventh Amendment; thus, the EOS Defendants are entitled to a trial by jury on at least the Plaintiff's Section 502(a)(2) claim.  The Court based its reasoning on its construction of § 1109 not to limit available remedies to equitable remedies, and specifically to provide for monetary remedies which are compensatory in nature. Plaintiff continues to characterize those remedies as equitable remedies of restitution for breach of fiduciary duties.  The Court finds that this is an appropriate issue for certification to the Eleventh Circuit.

First, this is a purely legal issue that does not depend on resolution of the facts underlying this dispute.  The legal issue as stated by the Court in its prior Order is a two-fold inquiry of (1) whether a Section 502(a)(2) action is comparable to 18th-century actions brought in the English courts of law prior to the merger of the courts of law and equity, and (2) whether the specific remedy sought by the

Plaintiff under Section 502(a)(2) is legal or equitable in nature.  See Granfinaciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).

Second, there is a substantial difference of opinion between the federal courts as to whether litigants are entitled to a jury trial for violations of Section 502(a)(2) of ERISA.  Earlier cases consistently held that the remedies available pursuant to Section 502(a)(2) were traditionally equitable in nature and thus not entitled to trial by jury.  E.g., Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va., 876 F. Supp. 809, 817 (E.D. Va. 1995) (collecting cases); Spano v. Boeing Co., No. 06-cv-743-DRH, 2007 WL 1149192, at *7-8 (S.D. Ill. April 18, 2007) (collecting cases); Abbott v. Lockheed Martin Corp., No. 06-cv-0701-MJR, 2007 WL 2316481 (S.D. Ill. Aug. 13, 2007).  Recently, some courts have held that ERISA breach of fiduciary duty claims seeking monetary relief, like Section 502(a)(2), are legal in nature.  E.g., Bona v. Barasch, No. 01 Civ. 2289 (MBM), 2003 WL 1395932, at *33-35 (S.D.N.Y. Mar. 20, 2003); Lamberty v. Premier Millwork & Lumber Co., Inc., 329 F. Supp. 2d 737, 744-45 (E.D. Va. 2004).  The

Eleventh Circuit has not ruled on the issue.[1]  Thus, a substantial ground for

difference of opinion exists in this case.

Third, an immediate interlocutory appeal will preserve the parties resources

and accelerate the ultimate termination of the action.  Preparing for and conducting

a jury trial will cause the parties to spend extra time and expense beyond those that

would be expended in a bench trial.  Further, if the case proceeds to a jury trial

without appeal, and then it is later determined that the defendants' jury trial

demand should have been stricken, then the Court would be required to try the

action again without a jury.  E.g., Olympia Express, Inc. v. Linee Aeree Italiane,

S.P.A., 509 F.3d 347, 352 (7th Cir. 2007).  There is a substantial difference of

---

[1] The Plaintiff repeatedly asserts that caselaw construing Section 502(a)(3) of ERISA should guide the Court in determining whether a jury trial right applies for causes of action brought under Section 502(a)(2).  Section 502(a)(3) authorizes suits "to obtain other appropriate equitable relief . . . ."  29 U.S.C. § 1132(a)(3).  In Mertens v. Hewitt Assocs., 508 U.S. 248 (1993), the Supreme Court noted that distinctions between "equitable" and "remedial" remedies in ERISA must be given effect.  Id. at 258 n.8.   Some courts have used this reasoning to hold that monetary relief for remedies of breach of fiduciary duties does not constitute "equitable relief" under Section 502(a)(3).  E.g., Coan v. Kaufman, 457 F.3d 250, 262-64 (2d Cir. 2006).  Although the Eleventh Circuit may find the reasoning in Mertens (and other similar Supreme Court cases) instructive, this action does not present any questions concerning the nature of remedies pursuant to Section 502(a)(3).  This action concerns only the legal or equitable nature of remedies pursuant to Section 502(a)(2).

opinion on this issue, and the possibility of conducting an unnecessary jury trial warrants certification of this issue to the Eleventh Circuit.

The Court hereby certifies for immediate appeal the following issue: Whether the Defendants in this action are entitled to a jury trial on the Secretary's claims pursuant to Section 502(a)(2) of ERISA.

## B.  **Motion to Modify Consent Judgment**

The Court has entered a consent judgment against defendant Meixner requiring Meixner to make restitution to the Plan of $509,624.16 in losses Meixner allegedly caused during his time as one of the Plan's fiduciaries. The EOS Defendants now seek inclusion of language into the consent judgment and order to clarify that the consent order is a judgment binding only Meixner and the Plaintiff. The Plaintiff does not object in substance to this motion, stating only that the consent order as originally drafted was clear as to its scope.

The EOS Defendants' motion being essentially unopposed, the motion is granted. The January 15, 2008 Consent Order and Judgment [62] is hereby amended to add the following new language appended to the end of paragraph 4: "This Order is not binding upon defendants Leslie E. Smith or Employers OneSource, Inc."

## C.      Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides for the entry of default

judgment by the Court where a party is entitled to judgment by default.  Rule 55

provides:

> In all other cases, the party must apply to the court for a
> default judgment . . . . The court may conduct hearings or
> make referrals – preserving any federal statutory right to
> a jury trial – when, to enter or effectuate judgment, it
> needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2).  "The entry of a default judgment is committed to the

discretion of the district court . . . ."  Hamm v. DeKalb County, 774 F.2d 1567,

1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan

Wright, et al., Federal Practice & Procedure § 2685 (1983)).  It is within a district

court's discretion to deny default judgment where proper service of the complaint

on the defaulting defendant is in doubt, Hamm, 774 F.2d at 1576, and where the

court is reluctant to resolve disposition on substantial financial controversies

through default judgment.  Hutton v. Fisher, 359 F.2d 913, 916 (3d Cir. 1966).  A party "is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."  Federal Practice & Procedure § 2685.

The Plaintiff alleges that Meixner, with the assistance of the EOS Defendants, marketed and developed a health care plan for the Georgia Plumbers Trade Association for Continuing Education ("GPTA").  Meixner allegedly established the GPTA Benefits Group, Inc. to assist him in managing and administering the GPTA Plan.  He allegedly opened two bank accounts in the name of GPTA Benefits Group, Inc. to hold GPTA Plan contributions and expenses.  The Plaintiff alleges that GPTA Benefits Group, Inc. transferred $415,380.00 in GPTA Plan assets from the bank accounts improperly and converted those funds for personal and business use.  Plaintiff seeks default judgment against the GPTA Benefits Group, Inc. in the amount of $415,380.00, with post-judgment interest, as restitution for the allegedly improper transfers.[2]

---

[2]  The EOS Defendants nominally object to the Plaintiff's motion for default judgment to the extent any portion of the default judgment could be construed as a finding of fact or otherwise preclusive against the EOS Defendants as to the amount or nature of damages in this case [57].  Because the Court determines in its discretion to deny the motion for default judgment at this stage in the case, the

The Court has concerns over two aspects of the Plaintiff's allegations for default judgment.  First, the Plaintiff asserts that the GPTA Benefits Group, Inc. acknowledged service of the Complaint on April 17, 2007 and thereafter failed to appear.  The Court's review of the Notice of Filing Waiver of Service of Process for Defendant GPTA Benefits Group, Inc. [3] reveals that it was signed by defendant Meixner on April 17, 2007 (it appears Meixner erroneously dated it as of 2006).  Meixner does not indicate that he is signing on behalf of the GPTA Benefits Group, Inc.  Plaintiff alleges that because Meixner was the sole shareholder and employee of the GPTA Benefits Group, Inc., his signature on the waiver form acts as a waiver for GPTA Benefits Group as well as for him personally.  The Court is hesitant to enter default judgment against the GPTA Benefits Group when it is not entirely clear that its sole employee was intending to waive service for it, and thus that it knowingly failed to appear.

Second, the Court has reviewed the Complaint in detail and has attempted to calculate, based solely on the Complaint's allegations, the amount of restitution allegedly due from GPTA Benefits Group, Inc.  The Court's calculations add to approximately $385,000.00, over $30,000.00 less than what the Plaintiff now seeks

Court is not required to address the EOS Defendants' objections.

in default judgment.  The disparity between these two sums illustrates why the

Court is reluctant to enter a substantial monetary judgment through default before

any party has had the opportunity to precisely determine the amounts at issue in

this action.  It would be more appropriate to wait for the facts of this action to be

determined at trial before entering default judgment against GPTA Benefits Group,

Inc.

Accordingly, the Court determines in its discretion to deny the motion for

default judgment against GPTA Benefits Group, Inc., specifically without

prejudice to the Plaintiff's ability to move again for default judgment after the facts

underlying this action have been determined at trial.

**D.      Motion to Strike Jury Trial Demand**

Plaintiff moved to strike the jury trial demand of defendants Georgia

Plumbers Trade Association for Continuing Education, Inc., Anderson, Peters, and

the GPTA Health Plan for the same reasons it moved to strike the jury trial demand

of the EOS Defendants.  For the same reasons the Court explained in its initial

Order on the jury trial issue [54], the remedies Plaintiff seeks pursuant to Section

502(a)(2) of ERISA arise at least partly under law and thus the right to jury trial is

preserved as to those claims.  This Order certifies the jury trial issue to the

Eleventh Circuit for appeal.  The certification, and any decision ultimately rendered by the Eleventh Circuit, will bind all parties to this consolidated action. Plaintiff's Motion to Strike [92] is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Certify Jury Trial Issue [58] is **GRANTED**.  The following issue is hereby certified for appeal: Whether the Defendants in this action are entitled to a jury trial on the Secretary's claims pursuant to Section 502(a)(2) of ERISA.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion for Default Judgment Against GPTA Benefits Group, Inc. [55] is **DENIED WITHOUT PREJUDICE**.

**IT IS HEREBY FURTHER ORDERED** that the EOS Defendants' Motion to Modify Consent Judgment [64] is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion to Strike Jury Trial Demand [92] is **DENIED**.

**SO ORDERED** this 3rd day of July 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE